IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CLARENCE GLENN, :
:
    Plaintiff :
: CIVIL NO. 1:CV-10-1520
  vs. :
: (Judge Caldwell)
PENNSYLVANIA BOARD OF :
PROBATION AND PAROLE, :
:
    Defendant :

*M E M O R A N D U M*

I. *Introduction*

    The pro se plaintiff, Clarence Glenn, an inmate at the Frackville State Correctional Institution, Frackville, Pennsylvania, filed this civil-rights action pursuant to 42 U.S.C. § 1983, alleging he "is being kept incarcerated well beyond the court imposed sentence." (Doc. 4, Compl., p. 4). He seeks only compensatory and punitive damages, not release from confinement, "for each day" he is being held "beyond [the] sentence imposed by the court." (*Id.*). The defendant is the Pennsylvania Board of Probation and Parole.

    Based on Plaintiff's request to proceed in forma pauperis, his Complaint is before the court for screening pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted, and without leave to amend as amendment would be futile.

II.     *Standard of Review*

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a case filed in forma pauperis if we determine that it "fails to state a claim on which relief may be granted." In applying this statutory requirement, the court relies on the standard employed to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). That Rule authorizes dismissal of a complaint on basically the same ground, "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)).

Pro se pleadings are held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Pro se litigants are to be granted leave to file an amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

III.    *Background*

The Complaint alleges the following. In November 2008, Plaintiff sought credit from prison authorities on his "original sentence" for a period of time from March 4, 1992, through October 12, 1993. (Doc. 4, Compl., p. 3). In January 2009, this request was denied, (*id.*), and Plaintiff sought "parole review" from the Board, which apparently denied his request. (*Id.*). On February 19, 2009, Plaintiff filed a petition for review in the Commonwealth Court of Pennsylvania, seeking credit for the time at issue. *See Glenn v. Pennsylvania Bd. of Prob. & Parole*, No. 267 THE CORRECTIONS DEFENDANTS 2009 (Pa. Commw. Ct.)(docket sheet).[1] On April 28, 2010, upon the Board's application for a remand, the court remanded the matter to the Board "so that the Board can give Glenn 411 days credit on his original aggregated 10 year state sentence for time served from 8-27-92 to 10-12-93." *Id.*

Plaintiff avers that the Board "then extended [his] maximum date with the 411 days." (Doc. 4, Compl., 3). On June 11, 2010, he filed a Petition for Writ of Mandamus in the commonwealth court. *Glenn v. Pennsylvania Bd. of Prob. & Parole*, No. 530 MD 2010 (Pa. Commw. Ct.)(docket sheet). The court dismissed the action, stating:

> Upon consideration of the petition for writ of mandamus, in which petitioner is challenging the recalculation of his parole violation maximum date, such an action is properly brought in this court's appellate jurisdiction, and this court's original jurisdiction cannot be used to revive lapsed appeal rights. Accordingly, the PRF is dismissed for lack of original jurisdiction."

---

[1] The court takes judicial notice of the docket sheet, available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/. Plaintiff alleges the petition for review was filed on May 30. 2010.

*Id.* Plaintiff then filed this civil-rights action, which, as noted, alleges he "is being kept incarcerated well beyond the court imposed sentence." (Doc. 4, Compl., p. 4).

IV.   *Discussion*

Plaintiff fails to state a claim. Under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), Plaintiff has no civil-rights claim for damages arising from denial of credit on his sentence for time served until he has had the decision denying credit overturned in an appropriate proceeding.

In *Heck*, the Supreme Court ruled that a section 1983 claim for damages arising from a criminal conviction does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87, 114 S.Ct. at 2372 (footnote omitted).

*Heck* has been extended to the parole context. In *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006), the Third Circuit used *Heck* to dismiss a section 1983 challenge to a parole-revocation decision, and in *Royal v. Durison*, 254 F. App'x 163, 165-66 (3d Cir. 2007)(nonprecedential), the court used *Heck* to dismiss a section 1983 claim for damages asserting that the plaintiff had been incarcerated beyond his statutory maximum sentence because he had not been given credit for time served before sentencing. *See also Supples v. Burda*, Civ. No. 07-1560, 2007 WL 3165537, *1 (M.D. Pa. Oct. 26,

2007)(Caldwell, J.) (dismissing section 1983 claim for damages and injunctive relief that alleged excessive confinement because of an erroneous calculation of credit for time served when plaintiff had not already had the sentence calculation invalidated in an appropriate proceeding).

Plaintiff's claim that he is confined beyond his rightful release date is thus not cognizable under § 1983 because he has not made the required showing that the sentence calculation has been invalidated in an appropriate proceeding. The Complaint will therefore be dismissed for failure to state a claim, and without leave to amend as any amendment would be futile until Plaintiff can satisfy this requirement.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: August 11, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CLARENCE GLENN, :
:
    Plaintiff :
: CIVIL NO. 1:CV-10-1520
    vs. :
: (Judge Caldwell)
PENNSYLVANIA BOARD OF :
PROBATION AND PAROLE, :
:
    Defendant :

O R D E R

AND NOW, this 11th day of August, 2010, upon review of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), it is ordered that:

    1. Plaintiff's motion to proceed in forma pauperis (doc. 1) is granted.

    2. Plaintiff's complaint is hereby dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) as it fails to state a claim upon which relief may be granted.

    3. Any appeal from this order would not be in good faith.

    4. The Clerk of Court shall close this file.

                               /s/William W. Caldwell
                                 William W. Caldwell
                                 United States District Judge