IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CLARENCE GLENN, :
:
    Plaintiff :
: CIVIL NO. 1:CV-10-1520
    vs. :
: (Judge Caldwell)
PENNSYLVANIA BOARD OF :
PROBATION AND PAROLE, :
:
    Defendant :

*M E M O R A N D U M*

       The pro se plaintiff, Clarence Glenn, an inmate at the Frackville State Correctional Institution, Frackville, Pennsylvania, filed this civil-rights action pursuant to 42 U.S.C. § 1983, alleging he was "being kept incarcerated well beyond the court imposed sentence." (Doc. 4, Compl., p. 4). He sought only compensatory and punitive damages, not release from confinement, "for each day" of extra incarceration. (*Id.*).

       We dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted, reasoning that under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and its progeny Plaintiff has no civil-rights claim for damages until he has had the decision of the Pennsylvania Board of Probation and Parole calculating his time to be served overturned in an appropriate proceeding. *Glenn v. Pa. Bd. of Prob. & Parole*, 2010 WL 3191849 (M.D. Pa. Aug. 11 2010). That calculation came about from an April 2010 remand from

the Pennsylvania Commonwealth Court "so that the Board can give Glenn 411 days credit on his original aggregated 10 year state sentence for time served from 8-27-92 to 10-12-93." 2010 WL 3191849, at *1.

Glenn has filed a Motion to Alter or Amend the Court's order.[1]  He argues that he did satisfy the favorable termination rule by obtaining the commonwealth court order directing the Board to give him the 411 days' credit.  He contends the Board "abused its discretion [by] disregarding the commonwealth court's order [by] further extend[ing] plaintiff's maximum date to April 27, 2011."  (Doc. 13, Mot. to Alter or Amend at p. 4).

The Court disagrees.  Plaintiff says the Board abused its discretion by extending his maximum date, but to have satisfied the favorable termination rule, Plaintiff has to have shown that the Board's order after the remand was invalidated in an appropriate proceeding, such as federal habeas.  In this regard, we note that when Plaintiff filed for mandamus in the commonwealth court challenging the Board's calculation on remand, the court dismissed the filing because Plaintiff was trying to substitute mandamus review for an untimely appeal.

---

[1] "[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999).

-2-

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: August 31, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CLARENCE GLENN, :
 :
    Plaintiff :
 : CIVIL NO. 1:CV-10-1520
  vs. :
 : (Judge Caldwell)
PENNSYLVANIA BOARD OF :
PROBATION AND PAROLE, :
 :
    Defendant :

*O R D E R*

AND NOW, this 31st day of August, 2010, it is ordered that Plaintiff's Motion to Alter Judgment (doc. 13) is denied.

                                                  /s/William W. Caldwell
                                                William W. Caldwell
                                                United States District Judge